Marina Ostrovskaya, Esq.
Jadeja-Cimone Law, PC.
50 Clinton Street, Suite 501
Hempstead, NY 11550
mostrovskaya@jadejacimone.com
Attorney for Petitioner

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVADOR G. DIAZ-GARCIA, | ) |
| | )    Case No. <u>26-1226</u> |
| *Petitioner,* | ) |
| | )    **PETITION FOR WRIT OF** |
| v. | )    **HABEAS CORPUS** |
| | ) |
| PAM BONDI, *Attorney General of the* | ) |
| *United States*, KRISTI NOEM, *Secretary of* | ) |
| *the Department of Homeland Security,* | ) |
| TODD M. LYONS, *Acting Director, United* | ) |
| *States Immigration and Customs Enforcement*, | ) |
| *in their official capacities,* BRIAN FLANAGAN, | ) |
| *Acting Deputy Field Office Director for ICE in* | ) |
| *New York City Area, in their official capacities,* | ) |
| | ) |
| *Respondents.* | ) |

## INTRODUCTION AND STATEMENT OF FACTS

1. Petitioner Salvador Gustavo Diaz-Garcia ("Petitioner" or "Mr. Diaz-Garcia") is a citizen of El Salvador who has lived in the United States since 2022.

2. Mr. Diaz-Garcia was not apprehended by Customs and Border Patrol ("CBP") upon his entry to the United States in 2022.

3. Mr. Diaz-Garcia has a United States citizen child, who is 3 years old. The mother of Mr. Diaz-Garcia's 3-year-old U.S. citizen child is currently pregnant with their second child.

4. Mr. Diaz-Garcia pays taxes to the U.S., as he is required to.

5. Mr. Diaz-Garcia has never been in Immigration Court removal proceedings.

6. Upon information and belief, Mr. Diaz-Garcia has no criminal history.

7. On or about 03/03/2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") at or near Exit 60 of the Long Island Expressway in Suffolk County, New York. Upon information and belief, he is being detained at the Nassau County Correctional Center.

8. Until this year, people in Petitioner's position have been able to seek bond before the Executive Office for Immigration Review ("EOIR"), as their detention is clearly discretionary under 8 U.S.C. § 1226.

9. Petitioner is entitled to due process which requires at the minimum a hearing to allow him to present his equities in this matter and have a Judge determine whether he should be granted bond.

10. DHS has recently significantly altered its interpretation of the Government's detention authority during the pendency of removal proceedings to require mandatory detention of all noncitizens charged with entering the United States without inspection, subjecting millions of noncitizens such as Respondent to mandatory prolonged detention without opportunity for release on bond, allegedly under 8 U.S.C. § 1225, no matter how long they have resided in the country.

11. The plain language of § 1225 does not apply to petitioner, and denial of a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment.

12. Petitioner asks this Court to find that his detention is covered by § 1226, and order that he be released, or at a minimum to order a hearing be held to consider bond.

## JURISDICTION & VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 (the general grant of habeas authority to the district court); Art. I § 9, cl. 2 of the U.S. Constitution ("Suspension Clause"); 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 2201, 2202 (Declaratory Judgment Act).

14. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

15. A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

16. Federal courts also have federal question jurisdiction, through the APA, to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). APA claims are cognizable on habeas. 5 U.S.C. § 703 (providing that judicial review of agency action under the APA may proceed by "any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus"). The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702.

17. Venue is proper in this district pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1391(b)(2) and (e)(1) as Petitioner is a resident of Suffolk County, was detained in Suffolk County, and upon information and belief is now being held by ICE in Nassau County.

## REQUIREMENTS OF 28 U.S.C. § 2243

18. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Petitioners "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Petitioners to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

19. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

20. Petitioner resides in Ronkonkoma, New York, and was detained by ICE in Suffolk County on 03/03/2026. Upon information and belief, he is being detained at the Nassau County Correctional Center in East Meadow, New York.

21. Pam Bondi is the Attorney General of the United States. She oversees the immigration court system, which is located within the Executive Office for Immigration Review ("EOIR") and includes all Immigration Judges and the Board of Immigration Appeals ("BIA"). She is sued in her official capacity.

22. Kristi Noem is the is the Secretary of DHS, which oversees ICE, and is responsible for administering and enforcing the immigration laws. She is the ultimate custody of Petitioner. She is sued in her official capacity.

23. Todd M. Lyons is the Acting Director of United States Immigration and Customs Enforcement, the agency which detained Petitioner. He is sued in his official capacity.

24. Brian Flanagan is the Acting Deputy Field Office Director for ICE in the New York City Area. He is sued in his official capacity.

## **LEGAL FRAMEWORK**

### **8 U.S.C. § 1225(b) DOES NOT APPLY TO RESPONDENT**

25. The INA generally provides for three forms of civil detention for noncitizens in removal proceedings. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens arrested "on a warrant" pending the resolution of standard removal proceedings before an IJ. See 8 U.S.C. § 1229(a). Unless they have been arrested, charged with, or convicted of certain enumerated crimes, which would subject them to mandatory detention until their removal proceedings are concluded, see 8 U.S.C. § 1226(c), an individual detained under § 1226(a) can be released by ICE on bond or conditional parole. See 8 U.S.C. § 1226(a)(1); 8 C.F.R. § 236.1(c)(8). If release is denied by ICE, the detainee can seek a custody redetermination before an IJ (*i.e.*, bond hearing) at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d). At the hearing, the noncitizen may present evidence to show they are not a flight risk or danger to the community and should therefore be released on bond. See generally Matter of Guerra, 24 I. & N. Dec. 37, 50 (BIA 2006); Maldonado Vasquez v. Feeley, *et al*., 2:25-cv-01542-RFB-EJY (D. Nevada, 09/17/2025).

26. Second, the INA imposes mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and of an "applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a

doubt entitled to be admitted" under § 1225(b)(2). Individuals detained under § 1225(b) receive no bond hearing, see 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV), (b)(2)(A), and can only be released under humanitarian parole at the arresting agency's (i.e., ICE) discretion. See Jennings v. Rodriguez, 583 U.S. 281, 288 (2018); 8 U.S.C. § 1192(d)(5).

27. Lastly, and not relevant here, the INA provides for detention of noncitizens who have been issued a final order of removal. See 8 U.S.C. § 1231(a)-(b).

28. This case concerns the mandatory versus discretionary detention provisions under § 1226(a) and § 1225(b)(2), which were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226 was most recently amended this year by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025).

29. Respondents' longstanding practice has been to apply § 1226(a) to noncitizens like Petitioner, who are charged as removable under INA § 212(a)(6)(A)(i).

30. The Respondents' new policy of applying § 1225(b)(2)(A) to all noncitizens present in the United States without admission is unpersuasive. Such an interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.

31. Courts have given great weight to the manner in which DHS treated the petitioner in determining which detention statute applies. See Lopez Benitez, 2025 WL 2371588, at *3 (holding that § 1225 did not apply because (1) DHS had consistently treated petitioner as subject to discretionary detention under § 1226(a) and (2) the "plain text, overall structure, and uniform case law interpreting" the statutory provision compels the conclusion).

32. For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States. <u>Rivera Zumba v. Bondi</u>, 2025 WL 2753496 at 19 (D.N.J. Sept. 26, 2025). The <u>Jennings</u> Court explicitly adopts this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." 583 U.S. at 289. And although the <u>Jennings</u> Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.

33. To hold § 1225(b)(2)(A) to apply to all noncitizens who have not been admitted to the United States disregards the plain meaning of § 1225(b)(2)(A) and is inconsistent with decades of prior statutory interpretation and practice.

34. Since DHS has implemented its new policy, Courts around the country have found Petitioners such as Respondent to be detained under § 1226(a).[1]

---

[1] *See, e.g.*, *Belsai v. Bondi, et al.*, No. 25-cv-3862 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. C25-4048-LTS-MAR, --- F.Supp.3d ---, 2025 WL 2712417 (N.D. Iowa Sept. 23, 2025); *Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729 (D. N.M. Sept. 17, 2025); *Vasquez Garcia v. Noem*, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Lopez-Campos v. Raycraft*, No. 2:25- cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, No. 3:25-cv- 01093-JE, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Aguilar Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass.

35. Petitioner's mandatory detention under § 1225 also violates his right to due process of law. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "Freedom from imprisonment--from government custody, detention, or other forms of physical restraint--lies at the heart of the liberty that [the Due Process] Clause protects." Id. at 690 (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)); see also Mathews v. Davis, 426 U.S. 67, 77 (1976) (explaining that due process "protects every [noncitizen] from deprivation of life, liberty, or property without due process of law. Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection") (internal citations omitted). Rivera Zumba v. Bondi, 2025 WL 2753496 at 20-21 (D.N.J. Sept. 26, 2025).

36. The adequacy of due process for civil detainees is generally guided by the three-part balancing test articulated in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The Mathews factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. Here, the first and second Mathews factors weigh heavily in petitioner's favor, as he has been

---

Aug. 14, 2025); *Rocha Rosado v. Figueroa*, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238, at *9 (D. Mass. July 24, 2025); *Gomes v. Hyde*, No. 1:25-cv-11571-JEK, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

deprived of liberty, erroneously subjected to mandatory detention under § 1225 during his removal proceedings, and denied due process protections, including the right to seek bond. The third Mathews factor also weighs in Petitioners favor as neither the government nor the public has a significant interest in detaining a man with no criminal history who is participating in removal proceedings, which are civil in nature. See generally 8 U.S.C. § 1229. Petitioner's mandatory detention is not authorized by § 1225, serves no legitimate purpose, and amounts to punitive detention, warranting habeas relief.

## CLAIMS FOR RELIEF

### FIRST CLAIM

**Violation of the Due Process Clause of the Fifth Amendment to the United States Constitution (Substantive Due Process); 5 U.S.C. §§ 702, 706**

37. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

38. Petitioner is being detained in violation of his Constitutional right to Due Process under the Fifth Amendment. He is entitled to due process which requires, at a minimum, an opportunity to present his case for bond and have a Judge determine whether he should be granted bond in this matter.

### SECOND CLAIM

**Violation of the Due Process Clause of the Fifth Amendment to the United States Constitution (Procedural Due Process); 5 U.S.C. §§ 702, 706**

39. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

40. The Due Process Clause of the Fifth Amendment protects all "person[s]" from deprivation of liberty "without due process of law."

41. The Due Process Clause entitles Petitioner to a meaningful process assessing whether his detention is justified.

42. The arrest and detention of Petitioner without an opportunity for him to contest his detention in front of a neutral decisionmaker after he had been living and working in the United States for 24 years provides insufficient process and violates the Due Process Clause of the Fifth Amendment of the Constitution.

## THIRD CLAIM

### Violation of the Immigration and Nationality Act

43. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

44. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to those who previously entered the country and have been residing in the United States prior to being detained by Respondents. Such noncitizens are detained under § 1226(a), unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

## FOURTH CLAIM

### Violation of the Administrative Procedures Act ("APA")

45. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

46. Respondents' detention of Respondent without allowing him a bond hearing is arbitrary and capricious.

47. The APA requires the Court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5

U.S.C. § 706(2)(A). APA claims are cognizable on habeas. 5 U.S.C. § 703 (providing that judicial review of agency action under the APA may proceed by "any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus"). The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)    Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3)    Issue an Order Preventing Respondents from transferring Petitioner outside of the New York City metropolitan area to allow him to meaningfully participate in these proceedings;

(4)    Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the APA;

(5)    Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner;

(6)     Issue an Order for Respondents to return all of Petitioner's property upon release, including all identification documents and personal items in their possession; and

(7)    Grant any further relief this Court deems just and proper.

Respectfully submitted,
*/s/ Marina Ostrovskaya*
Marina Ostrovskaya, Esq.
Jadeja-Cimone Law, PC.
50 Clinton Street, Suite 501
Hempstead, NY 11550
mostrovskaya@jadejacimone.com

Dated: March 3, 2026                    Attorney for Petitioner

**<u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>**

I represent Petitioner, Salvador Gustavo Diaz-Garcia, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 3rd day of March 2026.

*/s/ Marina Ostrovskaya*