

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

March 4, 2026

**By ECF**

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 1172

> Re:    *Diaz-Garcia v. Bondi, et. al.*,
>         Civil Action No. 26-cv-01226 (Bulsara, J.)

Dear Judge Bulsara:

This Office represents Defendants-Respondents Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary, U.S. Department of Homeland Security ("DHS"); Todd M. Lyons, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); and Brian Flanagan, Acting Deputy Field Office Director, ICE, New York City (collectively, "Respondents") in the above-referenced action brought by Plaintiff-Petitioner Salvador G. Diaz-Garcia. ("Petitioner"). Petitioner, an alien present in the United States without being admitted or paroled, filed a petition for a Writ of Habeas Corpus ("Petition") on March 4, 2026, raising legal issues concerning whether Petitioner's detention violates his due process protections and procedures applicable to immigration officers. Docket Entry 1. Petitioner principally seeks an order from this Court directing Immigration and Customs Enforcement ("ICE") to immediately release him from detention alleging that his detention violates his due process rights because he is subject to 8 U.S.C. § 1226, not 8 U.S.C. § 1225.

**Relevant Facts and Petitioner's Current Location**

Petitioner is a native and citizen of El Salvador. Decl. of ICE Deportation Officer, John M. Dickerson dated March 4, 2026 ("Dickerson Decl.") ¶ 3. On March 3, 2026, at 6:36 a.m., ICE officers observed an individual who matched the physical description an unrelated target exit a residential address in Ronkonkoma, New York, and drive off in a vehicle. *Id.* at 4. ICE officers conducted a vehicle stop on the Long Island Expressway Eastbound, east of Ocean Avenue, Ronkonkoma, New York. *Id.* ICE officers approached the vehicle, identified themselves as ICE and asked for identification. *Id.* Petitioner provided his name, date of birth, and admitted to being a citizen and national of El Salvador with no lawful status in the United States. *Id.* Petitioner also admitted to illegally entering the United States. *Id.*

At 6:40 a.m., Petitioner was arrested pursuant to a Warrant of Arrest of Alien (Form I-200) and transported to the 535 Federal Plaza, Central Islip, New York, for processing. Dickerson Decl.

¶ 5. Petitioner booked into the Central Islip Hold Room at approximately 8:00 a.m. *Id.* at ¶ 6. ICE served Petitioner with a Form I-862 Notice to Appear ("NTA") charging Petitioner with removability pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), (as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General of the United States of America). *Id.* at ¶ 7. DHS filed the NTA with the Executive Office for Immigration Review ("EOIR"), commencing removal proceedings. *Id.* EOIR issued a Case Notice scheduling the initial Master calendar hearing for March 5, 2026. *Id.*

On the same day, at approximately 11:40 a.m., Petitioner was transferred from the Central Islip Hold Room to the Nassau County Correctional Center, booking in at approximately 12:30 p.m. Dickerson Decl. ¶ 8. Petitioner remains detained at Nassau County Correctional Center pursuant to INA § 235(b)(2)(A); 8 U.S.C. § 1225(b)(2)(A). *Id.* at ¶ 9.

Petitioner has no pending applications before EOIR or the United States Citizenship and Immigration Services. Dickerson Decl. ¶ 10.

**Discussion Regarding the Merits of the Petition**

The statutory basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A). The legal issues presented in the Petition concern whether Petitioner's detention violates his due process protections, and the statutory authority for ICE's detention of Petitioner. Petitioner principally seeks an order from this Court directing ICE to release him from detention. While reserving all rights, including the right to appeal, Respondents submit this letter in lieu of a formal responsive memorandum of law to conserve judicial and party resources, and to expedite the Court's consideration of this case, in light of this Court's decision on the principal legal issues in *Bonilla-Romero v. Bondi, et al.*, 26-cv-0796, Memorandum and Order entered February 13, 2026 (DE # 7)*,* and other matters, including, but not limited to, *Parada Cruz v. Noem, et al.*, No. 26-cv-1110, Memorandum and Order entered February 27, 2026 (DE # 7); *Magana v. Joyce, et. al*, No. 26-cv-835, Memorandum and Order entered February 13, 2026 (DE # 13); *Sandoval v. LaRocco, et al.*, No. 26-cv-00832, Memorandum and Order entered February 13, 2026 (DE # 10); *Rivera Orellana v. Noem, et al.*, No. 26-cv-0574, Memorandum and Order entered February 3, 2026 (DE # 7).

Respondents note that on February 6, 2026, the Court of Appeals for the Fifth Circuit issued an opinion that, while not binding on this Court, held that the government's interpretation of 8 U.S.C. § 1225 was correct. *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In this Circuit, a number of district court judges (albeit a minority) have ruled in the government's favor on this issue. *See Saamishvili v. Flanagan, et al.*, No. 25-cv-6178, 2026 WL 377574 (E.D.N.Y. Feb. 11, 2026)(Cogan, J.), *appeal filed* Feb. 12, 2026; *Chen v. Almodovar*, 25-cv-9670, 2026 WL 100761, at *8-9 (S.D.N.Y. Jan. 14, 2026) (Cronan, J.); *Weng v. Genalo et al.*, No. 25-cv-09595, 2026 WL 184627, at *1 (S.D.N.Y. Jan. 23, 2026) (Rearden, J.); *Candido v. Bondi*, 25-cv-867, 2025 WL 3484932, at *2  (W.D.N.Y. Dec. 4, 2025) (Sinatra, J.); *Chen v. Almodovar, et al.*, No. 25-cv-8350, 2025 WL 3484855, at *7 (S.D.N.Y. Dec. 4, 2025) (Vyskocil, J.), notice of appeal filed Dec. 16, 2025; *Liang v. Almodovar,* No. 25-cv-9322, 2025 WL 3641512, at *8 (S.D.N.Y. Dec. 15, 2025) (Vyskocil, J.), notice of appeal filed Jan. 15, 2026. In addition to pending appeals by petitioners regarding the denials of habeas petitions as noted above, the

2

Government has affirmatively appealed the grant of a habeas petition in *Cunha v. Moniz*, 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), *notice of appeal* filed Dec. 11, 2025, No. 25-3141 (2d Cir.). The *Cunha* appeal is proceeding on an expedited track and briefing was completed on March 3, 2026.

Petitioner's procedural due process claim fails. To state a claim for procedural due process, Petitioner must establish: (i) a cognizable liberty or property interest, and (ii) a deprivation of that interest without being afforded the process that is due to the plaintiff. *See Weinstein v. Albright*, 261 F.3d 127, 134 (2d. Cir. 2001) (citing *Mathews v. Eldridge,* 424 U.S. 319, 334 (1976) (process owed is flexible and case-specific). Because Petitioner is deemed an applicant for admission and thus treated for constitutional purposes as if stopped at the border, "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (citing *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950)); *Guzman v. Tippy*, 130 F.3d 64, 66 (2d Cir. 1997) (the rights of excluded aliens "are determined by the procedures established by Congress and not by the due process protections of the Fifth Amendment").

Also unavailing is Petitioner's substantive due process claim.- A substantive due process claim must allege conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005). Conduct is conscience-shocking only if it was "intended to injure in some way unjustifiable by any government interest." *Lewis*, 523 U.S. at 849. Where no fundamental right is at stake, "governmental regulation need only be reasonably related to a legitimate state objective." *Goe v. Zucker*, 43 F.4th 19, 30 (2d Cir. 2022). No court has ever held that an alien not lawfully admitted to the United States – like Petitioner – holds a fundamental right to remain at liberty in the United States. To the contrary, "Detention during removal proceedings is a constitutionally valid aspect of the deportation process." *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020).

As to Petitioner's Immigration and National Act and Administrative Procedure Act claims, these statutes are not the proper vehicle for Petitioner's claims arising out of his detention, which drives this suit. In *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025), in which claims including due process claims were brought under the APA, the INA and various habeas provisions, the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether he requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim — though they fail for the reasons discussed above—and are not cognizable under the INA or the APA. Further, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claims are independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *J.G.G.*, 604 U.S.at 674 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention.

Accordingly, for the reasons set forth above, the government respectfully submits that the Court deny this habeas petition. The government also respectfully submits that there is no need for a hearing and the petition may be decided on submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   */s/ Arthur Swerdloff*
       Arthur Swerdloff
       Assistant U.S. Attorney
       (718) 254-7584
       arthur.swerdloff@usdoj.gov

cc:  (by ECF)
    Marina Ostrovskaya
    Jadeja-Cimone Law, PC